**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MATTHEW A. MISHAK, | ) | CASE NO: 1:17CV1543 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| SCOTT F. SERAZIN, et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |

This case is before the Court upon consent of the parties, entered October 10, 2017. (Doc. No. 20.) Currently pending is Plaintiff Matthew Mishak's Motion for Leave to File Second Amended Complaint. (Doc. No. 27.) Defendants City of Elyria and Scott F. Serazin filed a Brief in Opposition on February 26, 2018, to which Plaintiff replied. (Doc. Nos. 28, 31.)

For the following reasons, Plaintiff's Motion (Doc. No. 27) is GRANTED IN PART and DENIED IN PART as follows.

**I. Procedural Background**

On July 21, 2017, Plaintiff Matthew Mishak ("Plaintiff" or "Mishak") filed a *pro se* Complaint in this Court against Defendants Scott F. Serazin (Office of the Elyria Law Director, in his individual and official capacities) and the City of Elyria, alleging various state and federal claims arising from his demotion and eventual termination as prosecutor for the City of Elyria. (Doc. No. 1.)

Defendants filed an Answer and Partial Motion for Judgment on the Pleadings on September 8, 2017. (Doc. Nos. 10, 11.)

Mishak thereafter retained counsel and filed his First Amended Complaint on September 22, 2017. (Doc. No. 13.) The First Amended Complaint asserted the following 12 claims: (1) defamation *per se* – libel and slander (Count 1); (2) invasion of privacy– false light (Count 2); (3) malicious prosecution under 42 U.S.C. § 1983 (Count 3); (4) abuse of process under 42 U.S.C. § 1983 (Count 4); (5) state and federal disability discrimination claims based upon alleged failure to accommodate (Counts 5 and 6); (6) state and federal disability discrimination claims based upon alleged disparate treatment (Counts 7 and 8); (7) state and federal retaliation claims (Counts 9 and 10); (8) retaliation claim under the Family & Medical Leave Act (Count 11); and (9) loss of employment under 42 U.S.C. § 1983 (Count 12).

On October 3, 2017, Defendants filed a "Motion for Partial Judgment on the Pleadings responsive to the Amended Complaint," in which they sought judgment in their favor with respect to six of Mishak's twelve claims.[1] (Doc. No. 16.) Mishak filed a Brief in Opposition on October 17, 2017, to which Defendants replied. (Doc. Nos. 23, 25.)

On February 7, 2018, this Court issued a Memorandum Opinion & Order granting in part and denying in part Defendant's Motion. (Doc. No. 26.) Specifically, the Court granted Defendants' motion with respect to Plaintiff's abuse of process (Count Four) claim and denied the motion with respect to Plaintiff's invasion of privacy– false light (Count Two) and disparate treatment claims (Counts Seven and Eight). In addition, and of particular relevance herein, the Court denied Defendants' motion with respect to Plaintiff's federal malicious prosecution claim (Count Three) without prejudice. (Doc. No. 26 at 10-11.) With respect to this claim, the Court

---

[1] Defendants' previous Partial Motion for Judgment on the Pleadings, filed September 8, 2017, was denied as moot based upon the filing of the First Amended Complaint. (Doc. No. 21.)

explained:

> The Court finds it would be appropriate to dismiss Mishak's Section 1983 malicious prosecution claim without prejudice. Mishak argues, and Defendants do not contest, there remains the potential a malicious prosecution claim might exist depending on the outcome of the Ohio Auditor's investigation. Under these circumstances, the Court finds it would be premature to dismiss this claim without permitting Mishak an opportunity to seek leave to amend his First Amended Complaint once the investigation is concluded. *See e.g., Thornsbury v. Crowe*, 2015 WL 163476 at * 3 (S.D. Ohio Jan. 13, 2015) (dismissing plaintiff's malicious prosecution claim without prejudice where potential remained for criminal charge to be brought against her).

(*Id*. at 10-11.)

Shortly thereafter, on February 10, 2018, Plaintiff filed a Motion for Leave to File Second Amended Complaint *Instanter*. (Doc. No. 27.) Therein, Plaintiff seeks leave to add claims for malicious prosecution under both state and federal law "because those claims have now become ripe due to the Ohio State Auditor dismissing its investigation against him on November 28, 2017." (*Id*. at 1.) Plaintiff also explains "since the filing of the First Amended Complaint, Mishak has been cleared of all attorney ethics charges filed against him by Defendants, making these claims ripe as to those alleged transgressions as well." (*Id*.)

Defendants filed a Brief in Opposition on February 26, 2018, to which Plaintiff replied. (Doc. Nos. 28, 31.)

## II. Factual Allegations

The First Amended Complaint contains the following factual allegations.

Plaintiff Mishak served over ten years in the public sector as a prosecuting attorney. (Doc. No. 13 at ¶ 5.) At all times relevant to this action, Defendant Serazin served as the Law Director for the City of Elyria. (*Id.* at ¶ 6.)

Mishak and Serazin worked together at the Lorain County Prosecutor's Office from

3

2006 to 2011, where they became friends. (*Id*. at ¶ 10.) Mishak struggled with Attention Deficit Hyperactivity Disorder ("ADHD"), and Serazin was aware of Mishak's condition throughout his employment with the City of Elyria. (*Id*.)

In 2010, Serazin decided to run for Law Director for the City of Elyria and asked Mishak to manage his campaign, and Mishak accepted. (*Id.* at ¶ 11.) Serazin won and, as Law Director, appointed Mishak to the salaried position of Chief Prosecutor for the City of Elyria, on January 3, 2012. (*Id*. at ¶ 12.) In 2012, Serazin caused Mishak to seek and receive appointment as Prosecutor for the Village of Grafton. (*Id*. at ¶ 13.) This position was an hourly one, and had been held by Mishak's predecessor for many years. (*Id*.)

By early 2013, "it became clear that Serazin's attitude towards Mishak changed in a negative way." (*Id*. at ¶ 14.) Mishak was allegedly placed under scrutiny unlike other staff attorneys. (*Id*. at ¶ 15.) In addition, Serazin was verbally abusive and engaged in "harshly criticizing behavior directly related to Mishak's ADHD." (*Id*. at ¶ 15.)

In mid-2013, Mishak became the subject of an ethics investigation by the Lorain County Bar Association (subsequently resolved favorably to Mishak), which Serazin improperly disclosed to the local press. (*Id*. at ¶ 16.) This ethics investigation had not at that point elicited a probable cause finding and was ultimately dismissed for lack of probable cause. (*Id*.) Mishak asserts Serazin's disclosure of this confidential investigation to the local press was a "severe violation of the Ohio Rules of Professional Conduct and evidenced his discriminatory animus towards Mishak." (*Id*.)

In December 2013, Serazin "demoted Mishak from Chief Prosecutor to Prosecutor, reduced his pay, significantly modified Mishak's job responsibilities, and removed Mishak from

4

his assigned courtroom." (*Id*. at ¶ 17.)

In May 2014, Serazin circulated a policy regarding representation of "outside jurisdictions," which required Mishak to take personal or vacation time for work done for the Village of Grafton, depending on "undelineated circumstances." (*Id.* at ¶ 19.) Mishak claims the policy was "vague and did not clearly indicate when outside work could and could not be performed by City of Elyria Law Department Employees." (*Id*.)

In July 2015, Serazin placed a letter in Mishak's public personnel file, ostensibly aimed at reprimanding Mishak for failing to file a notice of appearance in a case, but otherwise severely criticizing Mishak's honesty, integrity, respect for the law and accusing Mishak of "terrorist" affiliations. (*Id*. at ¶ 20.)

On July 22, 2016, Serazin called Mishak to Serazin's office with his Chief of Staff, Amanda Deery, and discussed terminating Mishak from his employment for allegedly unjustly enriching himself by "double dipping," due to his representation of the Village of Grafton. (*Id.* at ¶ 21.) Mishak was placed on paid suspension with time and billing to be reviewed. (*Id*. at ¶ 22.) A physician's letter regarding Mishak's ADHD was requested by Serazin. (*Id*.) Serazin formalized Mishak's suspension with a twelve (12) page letter. (*Id*.)

Mishak supplied the requested letter from his physician to Serazin on August 1, 2016. (*Id*. at ¶ 23.) At that time, Mishak notified Serazin of his need to take medical leave due to his ADHD. (*Id*. at ¶¶ 129-130.) On August 2 or 3, 2016,[2] Serazin terminated Mishak's employment. (*Id*. at ¶¶ 24, 131.)

---

[2] In paragraph 24 of the First Amended Complaint, Mischak states he was terminated on August 2, 2016. Thereafter, in paragraph 131, he states he was terminated on August 3, 2016.

5

On August 4, 2016, Serazin initiated contact with Ms. Lisa Roberson ("Roberson"), a Chronicle-Telegram (local Elyria newspaper) reporter. (*Id*. at ¶ 25.) In an office interview, Serazin told Roberson that Mishak was terminated for stealing from the City of Elyria and an investigation was ongoing. (*Id*. at ¶ 26.) Serazin provided copies of Mishak's suspension and termination letters to Roberson. (*Id*.) Mishak alleges that, at that time, the termination letter had yet to be delivered to him. (*Id*.) The suspension letter and termination letter contained a number of statements which Mishak claims are "completely and wholly false and/or made with reckless disregard for the truth." (*Id*. at ¶¶ 25- 27.)

Mishak first learned of his dismissal on August 4, 2016, when Roberson called seeking a comment. (*Id*. at ¶ 29.) On August 5, 2016, the front-page headline of the Chronicle Telegram read "Elyria fires prosecutor; – 'double dipping' alleged – Law Director Says that Matt Mishak did work for Grafton while on the clock for Elyria," followed by the article about Roberson's interview with Serazin. (*Id*. at ¶ 30.)

Shortly thereafter, Serazin contacted the Village of Grafton and offered to have Elyria's Law Department assume the Village's prosecutorial responsibilities. (*Id*. at ¶ 31.) Subsequent to that contact, Mishak was relieved of his position with the Village of Grafton. (*Id*. at ¶ 32.)

Serazin also contacted the Lorain County Prosecutor's Office, the Lorain County Sheriff's Office, and the Ohio Auditor's Office and "published materially false statements in a malicious action to damage Mishak's good reputation." (*Id*. at ¶¶ 38, 39, 40.)

Mishak filed Complaints with the EEOC for disability discrimination. (*Id.* at ¶ 34.) He subsequently asked that they be dismissed and that he be issued a Right to Sue letter. (*Id*.) The EEOC matter "has been dismissed at his request." (*Id*.)

### III. Standard of Review

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The liberal amendment policy embodied in Rule 15(a)(2), however, "is not without limits." *DeCrane v. Eckart*, 2018 WL 916520 at * 1 (N.D. Ohio Feb. 16, 2018). As the Sixth Circuit has observed, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994). Standing alone, delay "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). In addition, when discovery is in the early stages, any prejudice from entertaining an amended pleading is minimal. *See DeCrane*, 2018 WL 916520 at * 2. Addressing the contention that an amendment might necessitate another dispositive motion, the Sixth Circuit also noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to

amend." *Morse*, 290 F.3d at 801.

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini v. Blackwell*, 127 Fed. Appx. 187, 190 (6th Cir. 2005) (citing *Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 518 (6th Cir. 2001)). *See also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div*., 987 F.2d 376, 383 (6th Cir. 1993). To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint also will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 557). While the court must accept all factual allegations contained in the complaint as true, it need not give the same deference to legal conclusions. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

### IV. Analysis

As noted above, Plaintiff seeks leave to add claims for malicious prosecution under both state and federal law. (Doc. No. 27.) He argues amendment is appropriate in light of the recent dismissals of both the Ohio Auditor and ethics investigations against him. (*Id*.) Plaintiff asserts allowing amendment at this stage of the proceedings would not be prejudicial because "written discovery . . . is currently ongoing and no depositions have yet been taken." (*Id.* at 2.)

Plaintiff attaches his proposed Second Amended Complaint to his Motion. (Doc. No. 27-1.) This Complaint adds a new paragraph explaining that, "[o]n November 28, 2017, the Auditor of the State of Ohio dismissed the theft in office investigation that Serazin initiated

8

against Mishak." (*Id.* at ¶ 35.) The proposed Complaint also asserts "the Ohio Supreme Court Disciplinary Counsel has dismissed all ethical charges that Serazin and City of Elyria agents have filed against Mishak and found that no probable cause for any ethical transgressions occurred." (*Id.*)

Count Three of Plaintiff's proposed Second Amended Complaint amends his federal malicious prosecution claim to include the above factual allegations. (*Id.* at ¶¶ 66, 68.) It also asserts Defendant Serazin's conduct (1) "deprived Mishak of procedural due process guaranteed under Federal law and/or the Constitution of the United States under the 5th and 14th Amendments to the United States Constitution;" and (2) "violated Mishak's rights to be free of unlawful governmental seizures protected under the 4th Amendment of the United States Constitution, such as that implemented here when subjecting Mishak to malicious prosecution." (*Id.* at ¶¶ 62, 63.)

Count Four of the proposed Second Amended Complaint also adds a new claim for malicious prosecution under Ohio law. (*Id.* at ¶¶ 72-84.) This claim is pled in substantially similar fashion to Plaintiff's federal malicious prosecution claim with the exception it alleges deprivation of Plaintiff's rights under "Ohio law and/or the Constitution of Ohio," including his rights to procedural due process and to be free from unlawful governmental seizures. (*Id.* at ¶¶ 75, 76.)

Defendants argue leave to amend should be denied with respect to Plaintiff's federal malicious prosecution claim. (Doc. No. 28.) They assert "because Plaintiff has not and cannot establish that the alleged auditor and ethics investigations deprived him of any Fourth Amendment liberty right, the amendment to reassert the federal malicious prosecution claim is

9

futile." (*Id*. at 4.) In this regard, Defendants note the Second Amended Complaint does not allege any facts indicating Plaintiff's "freedom of movement was restricted or limited in any way as a result of" the Ohio Auditor and/or ethics investigations. (*Id*. at 5.) Thus, Defendants assert Plaintiff's federal malicious prosecution claim is futile as a matter of law. (*Id*.) With respect to the Second Amended Complaint's reference to the Fifth and Fourteenth Amendments, Defendants argue, summarily and in a footnote, that "Sixth Circuit case law has repeatedly established that the deprivation of liberty requirement is satisfied under the rights established by the Fourth Amendment." (*Id*. at fn 1.)

In his Reply Brief, Plaintiff first notes Defendants "make no argument whatsoever that Plaintiff's proposed malicious claim asserted under Ohio law should not be allowed" and, therefore, leave to amend should be granted as to that claim. (Doc. No. 31 at 2.) Plaintiff then asserts the Second Amended Complaint sufficiently pleads a malicious prosecution claim based on the Due Process Clause of the Fourteenth Amendment. (*Id.* at 2-4.) He claims "the Sixth Circuit has recognized that malicious prosecutions claims under § 1983 are viable in similar circumstances, even when outside the Fourth Amendment context." (*Id*. at 3.) Thus, Plaintiff asks this Court to grant leave to amend with respect to his malicious prosecution claim to the extent it is based on alleged due process violations. (*Id*. at 2-5.)

As an initial matter, the Court agrees with Plaintiff that Defendants have failed to oppose his Motion for Leave to Amend with respect to his proposed state law malicious prosecution claim. Defendants' brief in opposition clearly and consistently makes reference only to Plaintiff's *federal* malicious prosecution claim and advances no argument leave should be denied with respect to Plaintiff's *state* law malicious prosecution claim. Accordingly, and in

10

the absence of any opposition, the Court GRANTS Plaintiff's Motion for Leave to Amend with respect to his malicious prosecution claim under Ohio law, as set forth in Count Four of the proposed Second Amended Complaint.

The Court will now consider the parties' arguments with respect to Plaintiff's federal malicious prosecution claims, addressing those claims under the Fourth and Fourteenth Amendments separately below.

### *Fourth Amendment*

To succeed on a federal malicious prosecution claim under 42 U.S.C. § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following elements. First, the plaintiff must show a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). *See also Martin v. Maurer,* 581 Fed. Appx. 509, 511 (6th Cir. 2014); *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show there was a lack of probable cause for the criminal prosecution. *See Sykes*, 625 F.3d at 308; *Fox*, 489 F.3d at 237; *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 675 (6th Cir. 2005). Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Sykes*, 625 F.3d at 309. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Id. See also Heck v. Humphrey*, 512 U.S. 477, 484, 114

S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Williams v. Schismenos*, 258 F.Supp.3d 842, 859 (N.D. Ohio 2017).

As noted above, Defendants argue leave to amend should be denied with respect to Plaintiff's federal malicious prosecution claim because Plaintiff failed to allege a deprivation of liberty under the Fourth Amendment. Plaintiff does not challenge Defendants' argument with respect to this issue or otherwise argue the allegations set forth in the Second Amended Complaint are sufficient to satisfy this element of a federal malicious prosecution claim based on a violation of the Fourth Amendment.

Plaintiff's request to assert a federal malicious prosecution claim under the Fourth Amendment is denied. The Second Amended Complaint does not allege Plaintiff was detained, arrested, incarcerated, required to post bail or bond, or subject to any travel restrictions. Rather, the only allegations in the Second Amended Complaint relating to this issue are that "as a result of the malicious prosecution, Mishak was obliged to defend himself and to expend money and time in his defense; that he lost time previously devoted to his professional business, from the ordinary pursuits in his life and home, and that the quality of his life was diminished by it, all to his great damage." (Doc. No. 27-1 at ¶ 70.) The Court finds these allegations are insufficient to satisfy the third element of a federal malicious prosecution claim premised on a violation of the Fourth Amendment. *See Noonan v. Cnty. of Oakland*, 683 Fed. Appx. 455, 462-63 (6th Cir. March 24, 2017) (holding plaintiff did not suffer a deprivation of liberty where he "was never arrested or incarcerated, required to post bail or bond, or subjected to any travel restrictions"); *Cummin v. North,* 2017 WL 4386809 at * 5 (S.D. Ohio Sept. 29, 2017) (finding no deprivation of liberty where plaintiff was not handcuffed, arrested, jailed, or taken into custody); *Hopkins*

*v. Sellers*, 2011 WL 2173859, at *9-10 (E.D. Tenn. June 2, 2011) (finding no deprivation of liberty where the plaintiff was never arrested, jailed, detained, required to post bond, or placed under travel restrictions); *Briner v. City of Ontario*, 2011 WL 866464, at *4 (N.D. Ohio Mar. 9, 2011) (finding no deprivation of liberty where the plaintiff argued his deprivation constituted being subject to the authority of the district and appellate courts). Indeed, the Sixth Circuit has expressly found "aggravation, financial cost, and personal humiliation" are not sufficient, standing alone, to establish a deprivation of liberty "as understood in our Fourth Amendment jurisprudence." *Noonan*, 683 Fed. Appx. at 462.

Accordingly, Plaintiff's Motion for Leave to Amend is DENIED to the extent his proposed federal malicious prosecution claim as set forth in Count Three is premised on a violation of the Fourth Amendment.

### *Fourteenth Amendment*

In his Reply Brief, Plaintiff argues the Second Amended Complaint sufficiently pleads a malicious prosecution claim based on the Due Process Clause of the Fourteenth Amendment. (Doc. No. 31 at 2-4.) Specifically, Plaintiff notes the Second Amended Complaint alleges "Serazin's conduct deprived Mishak of procedural due process guaranteed under Federal Law and/or the Constitution of the United States under the 5th and 14th Amendments to the United States Constitution." (Doc. No. 27-1 at ¶ 62.) Plaintiff asserts, summarily, that a malicious prosecution claim premised on a due process violation is recognized in the Sixth Circuit and, therefore, amendment of the Complaint to assert such a claim would not be futile.

Defendants' entire argument with respect to this issue is confined *to a footnote*, in which they assert "Sixth Circuit case law has repeatedly established that the deprivation of liberty

13

requirement is satisfied under the rights established by the Fourth Amendment."[3]  (Doc. No. 28 at fn 1.)

"Traditionally, the federal courts have grouped continued detention without probable cause with several other potential injuries under the umbrella of a 'malicious prosecution' claim, actionable under § 1983 as a violation of due process." *Gregory v. City of Louisville*, 444 F.3d 725, 748 (6th Cir.2006) (citing *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)).  As the Sixth Circuit has explained, "[t]he courts took this approach, in part, because of the wide range of potential injuries a wrongful prosecution could generate, from an unlawful seizure to a misuse of actual court process," noting "[t]he due process clause was more amenable to such variation." *Id*.

This approach changed, however, after the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).  In that case, the plaintiff was arrested for "sale of a substance which looked like an illegal drug." *Id.* at 268.  Plaintiff surrendered and was released after posting bond, one of the conditions of which was that he was not allowed to leave the State without permission of the court. *Id*.  The state court found probable cause to bind plaintiff over for trial, but later dismissed the charge on the ground it did not state an offense under state law. *Id*. at 269.  Plaintiff then filed a §1983 action in federal court, alleging defendant "deprived him of substantive due process under the Fourteenth Amendment – his 'liberty interest' – to be free from criminal prosecution except upon probable

---

[3] The Court notes the parties' briefing on this issue is not helpful.  Neither party sufficiently analyzes or addresses the law, leaving the Court to resolve this issue without any meaningful argument from either side.

cause." *Id*. The district court granted defendant's motion to dismiss, and the Seventh Circuit affirmed. *Id.*

On appeal, the Supreme Court found "it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's claim must be judged." *Id*. at 271. The Court noted "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)). The Supreme Court applied that principle to plaintiff's case, noting "the Fourth Amendment's relevance to the deprivations of liberty that go hand in hand with criminal prosecution." *Id.* at 274. Because plaintiff's "surrender to the State's show of authority constituted a seizure for purposes of the Fourth Amendment," the Court found plaintiff's claim should not be addressed under substantive due process principles. *Id*. at 275. As the plaintiff had not petitioned for certiorari under the Fourth Amendment, however, the Supreme Court declined to address whether plaintiff's claim would succeed under the Fourth Amendment. *Id*.

The Sixth Circuit grappled with the implications of *Albright* in a series of cases. *See e.g., Spurlock v. Satterfield*, 167 F.3d 995, 1004–06 (6th Cir.1999)); *Frantz v. Village of Bradford*, 245 F.3d 869, 875-877 (6th Cir. 2001); *Darrah* 255 F.3d at 308; *Thacker v. City of Columbus*, 328 F.3d 244, 258-259 (6th Cir. 2003). In *Gregory*, *supra*, the Sixth Circuit "interpreted *Albright* as requiring that traditional claims for 'malicious prosecution' be pursued and treated as Fourth Amendment violations **when the gravamen of the complaint is continued detention without probable case.**" *Id.* at 748 (emphasis added). In a footnote,

however, the Court explained as follows:

> **In the aftermath of *Albright*, this Court has not yet been faced with a § 1983 claim for an injury formerly treated under the "malicious prosecution" umbrella which does not allege, at heart, a Fourth Amendment injury. We do not decide today whether some claims formerly brought under the "malicious prosecution" umbrella might allege an injury distinct from Fourth Amendment protections—that is, an injury distinct from the type alleged in *Albright*—and survive as a due process violation in the post-*Albright* world.** For a discussion of such potential claims, see John T. Ryan, Note, Malicious Prosecution Claims Under Section 1983: Do Citizens Have Federal Recourse?, 64 Geo. Wash. L.Rev. 776 (1996).
>
> We acknowledge that some of our sister circuit courts of appeals have addressed the parameters of a "malicious prosecution" claim since *Albright*. **Until presented with factual circumstances meriting an analysis beyond the Fourth Amendment, however, <u>we decline to reach the question about whether a non-Fourth Amendment "malicious prosecution" cause of action survives under § 1983 after *Albright*</u>.**

*Gregory*, 444 F.3d at fn 10 (emphasis added).

Subsequent Sixth Circuit cases have not explicitly addressed this issue. Neither of the cases cited by Defendants, *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010) and *Noonan v. County of Oakland*, 683 Fed. Appx. 455 (6th Cir. 2017), directly address the cognizability of such a "non-Fourth Amendment malicious prosecution cause of action;" i.e., a cause of action in which a plaintiff alleges malicious prosecution based on an injury distinct from that associated with detention without probable cause.[4] Moreover, while several cases have cited *Albright* generally for the proposition that a malicious prosecution claim is not available under the Fourteenth Amendment, none of those cases expressly considered a malicious prosecution claim

---

[4] In *Noonan*, it is not clear whether the plaintiff pled his malicious prosecution claim under the Fourth Amendment, the Fourteenth Amendment, or both. In any event, the Sixth Circuit did not directly address the issue regarding the cognizability of a malicious prosecution claim under the Fourteenth Amendment.

16

"which does not allege, at heart, a Fourth Amendment injury." *Gregory*, 444 F.3d at fn 10. *See e.g., Jolley v. Harvell*, 254 Fed. Appx. 483 (6th Cir. Nov. 13, 2007) (addressing malicious prosecution claim under the Fourth Amendment where plaintiff was arrested for DUI); *Jackson v. County of Washtenaw*, 310 Fed. Appx. 6 (6th Cir. Feb. 4, 2009) (finding plaintiff "must pursue relief for an alleged violation of his constitutional right against continued detention without probable cause under the Fourth Amendment").[5]

Accordingly, and in the absence of any meaningful argument from Defendants to the contrary, there appears to be a possibility the Second Amended Complaint may state the type of "non-Fourth Amendment" malicious prosecution claim suggested in *Gregory, supra*. *See e.g., Butts v. Deibler*, 2013 WL 3423770 at * 9 (W.D. Ky. July 8, 2013) (noting "the Court finds that *Albright* at least makes it questionable as to whether Plaintiff's § 1983 claims can be based on due process principles" where such claims did not allege a Fourth Amendment injury); *Weissert v. Cook,* 2007 WL 142167 at fn 1 (W.D. Mich. Jan. 16, 2007) ("Plaintiff in the instant case has not alleged a violation of the Fourth Amendment of the Constitution. As the Sixth Circuit has not yet answered the question of whether a claim of malicious prosecution may allege an injury separate from the Fourth Amendment's protection, the Court will evaluate Plaintiff's claim under the Fourteenth Amendment as alleged in his Complaint.")

Thus, and without making any final determination of law regarding the ultimate viability

---

[5] Although not cited by either party, the Court notes that one unreported Sixth Circuit decision rejected a malicious prosecution claim based on alleged due process violations under the Fourteenth Amendment. *See BPNC, Inc. v. Taft*, 2005 WL 1993426 (Aug. 16, 2005). However, this case pre-dates *Gregory* (a reported decision) which leaves open the possibility of whether a non-Fourth Amendment malicious prosecution cause of action survives under § 1983 after *Albright*.

of this claim at this time, the Court cannot say it would be futile to allow amendment to assert this claim. Therefore, and in light of Rule 15's liberal amendment policy, the Court GRANTS Plaintiff's Motion for Leave to Amend to assert a federal malicious prosecution claim premised on a violation of the Fourteenth Amendment.

## V. Conclusion

For all of the foregoing reasons, Plaintiff's Motion for Leave to Amend is GRANTED IN PART and DENIED IN PART as follows. The Court GRANTS Plaintiff's Motion for Leave to Amend with respect to his (1) malicious prosecution claim under Ohio law; and (2) malicious prosecution claim under federal law to the extent it is premised on a violation of the Fourteenth Amendment. The Court DENIES Plaintiff's Motion for Leave to Amend with respect to his federal malicious prosecution claim to the extent it is premised on a violation of the Fourth Amendment. Plaintiff is directed to file his Second Amended Complaint upon receipt of this Order.

**IT IS SO ORDERED.**

Date: March 19, 2018
s/ *Jonathan D. Greenberg*
Jonathan D. Greenberg
U.S. Magistrate Judge